HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney (SBN 184980)
GABRIEL S. DERMER, Assistant City Attorney (SBN 229424)
**ARLENE N. HOANG, Deputy City Attorney (SBN 193395)**
200 North Main Street, City Hall East, 6th Floor
Los Angeles, California 90012
Telephone:  213-978-7508
Facsimile:   213-978-7011
Email:        arlene.hoang@lacity.org

Attorneys for Defendants,
CITY OF LOS ANGELES,
DETECTIVE BENJAMIN JONES, ERIC
ROSE (erroneously sued as Los Angeles
Police Department Officer Eric Rose rather
than Reserve Los Angeles Police Department Officer),
LOS ANGELES POLICE LIEUTENANT RAYMOND
INGAL, and LOS ANGELES POLICE LIEUTENANT
STEPHEN WINTER

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABET SECURITY SERVICES, INC.,<br><br>                  Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, DET. BENJAMIN JONES, OFC. ERIC ROSE, and DOES 1-10, inclusive,<br><br>                  Defendants | Case No. 2:22-cv-7713- SB-KS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [Dkt. 13] [FRCP 8, 12(b)(1) and 12(b)(6)]**<br>**Filed Concurrently With:**<br>• **Notice of Motion to Dismiss**<br>• **Request for Judicial Notice**<br>• **[Proposed] Order**<br><br>**Date:  May 5, 2023**<br>**Time:  8:30 am**<br>**Courtroom:  6C**<br>**Hon. Stanley Blumenfeld, Jr.**<br>**United States District Judge** |

# **TABLE OF CONTENTS**

I.    Summary of argument ...................................................................................1

II.   The relevant allegations in Plaintiff's First Amended Complaint ..................2

III.  Defendants' motion to dismiss is appropriate ...............................................5

      A.   Standard on a motion to dismiss ........................................................5

      B.   Dismissal is further proper because Rule 8 is violated. .......................5

IV.   The statute of limitations bar........................................................................ 6

      A.   All the claims against Jones and Rose are time-barred .......................6

      B.   Certain allegations against the City and Ingal are similarly time
           barred.............................................................................................. 7

V.    Notwithstanding the statutory bar, Plaintiff cannot state a legally cognizable
      federal claim against Defendants ................................................................. 7

      A.   Plaintiff's First Amendment retaliation claim is analyzed under the
           same standard as if brought by a City employee ................................7

      B.   Plaintiff's private dispute with the individual Defendants is not a
           constitutional violation ....................................................................8

           1.  Plaintiff's "speech" was a personal grievance…….. ................... 8

           2.  Plaintiff's speech was in its capacity as a contractor................ 10

           3.  Defendants did not act with any retaliatory motive ..................11

      C.   No viable First Amendment retaliation claim is alleged against the
           City ……….................................................................................12

           1. Plaintiff's allegations are not a matter of public concern...……...13

           2. Plaintiff's complaints were only made to City employees ……...15

           3. Plaintiff cannot establish a retaliatory motive…………………16

           4. Plaintiff Fails To Plead Facts Sufficient To Show a Custom and
              Policy to Violate Constitutional Rights …………………………..16

      D.   Plaintiff does not assert a plausible due process violation claim........17

      E.   Jones and Rose, Ingal and Winter have qualified immunity .............18

VI.   Because Plaintiff fails to adequately plead a cognizable claim under federal
      law, the Court should decline to exercise supplemental or pendent
      jurisdiction .................................................................................................20

      A.   Plaintiff's untimely retaliation lacks merit ......................................20

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

B.   Plaintiff fails to allege a breach of the correct contract ......................21

C.   Plaintiff's fifth cause of action fails to state a claim because it relies on contradicting express terms of the parties' agreement and Plaintiff inadequately alleges it suffered any harm ...........................................22

D.   Plaintiff's sixth and seventh claims fail ...............................................24

E.   Plaintiff's eighth claim is barred………………………………………..24

VII. Plaintiff has not Alleged Facts to Support the Plausible Recovery of Punitive Damages against Jones, Rose, Ingal and Winter ............................................. 24

VIII. Conclusion ......................................................................................................25

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alpha Energy Savers, Inv. v. Hansen*,
  381 F.3d 917 (9th Cir. 2004) ...................................................................7

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal.4th 503 (Cal. Supr. 1994) ............................................................24

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011) ...............................................................................19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2008) ...............................................................5, 13, 23

*Bd. of Cnty. Comm'rs. v. Umbehr*,
  518 U.S. 668 (1996) ...........................................................................7, 8

*Beckx v. Am. Cancer Soc'y, Inc.*,
  No. SACV 08–0702 AG, 2008 WL 11339655 (C.D. Cal. Nov. 17, 2008)........20

*Brownfield v. City of Yakima*,
  612 F.3d 1140 (9th Cir. 2010) ................................................................9

*Carlsbad Technology, Inc. v. HIF Bio, Inc.*
  556 U.S. 635 (2009).................................................................................20

*In re Century Aluminum Co. Sec. Litig.*,
  729 F.3d 1104 (9th Cir. 2013) ...............................................................22

*Chateaubriand v. Gaspard*,
  97 F.3d 1218 (9th Cir.1996) ...................................................................9

*City of San Diego v. Roe*,
  543 U.S. 77 (2004)....................................................................................8

*City of St. Louis v. Praprotnik*,
  485 U.S. 112 (1988).................................................................................12

*Clairmont v. Sound Mental Health*,
  632 F.3d 1091 (9th Cir. 2011) ...............................................................10

*Colony Cove Props., LLC v. City of Carson*,
  640 F.3d 948 (9th Cir. 2011) ................................................................6

*Connick v. Myers*,
  461 U.S. 138 (1983)...........................................................2, 13, 15

*Dahlia v. Rodriguez*,
  735 F.3d 1060 (9th Cir. 2013) ....................................................11, 15

*Deanco Healthcare, LLC v. Becerra*,
  365 F. Supp. 3d 1029 (C.D. Cal. 2019) ............................................25

*DeBoer v. Pennington*,
  287 F.3d 748 (9th Cir. 2002) ............................................................18

*Desrochers v. City of San Bernardino*,
  572 F.3d 703 (9th Cir. 2009) ....................................................*passim*

*Eng v. Cooley*,
  552 F.3d 1062 (9th Cir. 2009) ..................................................*passim*

*Lloyd v. Cnty. of L.A.*,
  172 Cal. App. 4th 320 (Cal. Ct. App. 2009)......................................21

*Garcetti v. Ceballos*,
  547 U.S. 410 (2006)...........................................7, 10, 11, 15

*Guz v. Bechtel Nat. Inc.*,
  24 Cal. 4th 317 (Cal. Supr. 2000)......................................................22

*Hagans v. Lavine*,
  415 U.S. 528 (1974)..........................................................................20

*Hagen v. City of Eugene*,
  736 F.3d 1251 (9th Cir. 2013) ............................................................8

*Harrell v. 20th Century Ins. Co.*,
  934 F.2d 203 (9th Cir. 1991) ............................................................20

*Havekost v. U.S. Dep't of Navy*,
  925 F.2d 316 (9th Cir. 1991) ........................................................9, 10

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

*Jablon v. Dean Witter & Co.*,
    614 F.2d 677 (9th Cir. 1980) ...................................................................6

*Johnson v. Multnomah County*,
    48 F.3d 420 (9th Cir. 1995) ....................................................................9

*Johnson v. Poway Unified Sch. Dist.*,
    658 F.3d 954 (9th Cir. 2011) ...................................................................8

*Jones v. Williams*,
    297 F.3d 930 (9th Cir. 2002) ................................................................12

*Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*,
    616 F.3d 963 (9th Cir. 2010) ................................................................17

*Los Angeles Police Protective League v. Gates*,
    907 F.2d 879 (9th Cir.1990) .................................................................16

*Lujan v. G & G Fire Sprinklers, Inc.*,
    532 U.S. 189 (2001) ..............................................................................18

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) .............................................................5, 6

*Mintz v. Blue Cross of California*,
    172 Cal.App.4th 1594 (Cal. Ct. App. 2009).........................................24

*Monell v. New York City Dept. of Soc. Servs.*,
    436 U.S. 658 (1978)........................................................................12, 16

*Nat'l R.R. Passenger Corp. v. Morgan*,
    536 U.S. 101 (2002)................................................................................6

*Nunez v. City of Los Angeles*,
    147 F.3d 867 (9th Cir. 1998) ...............................................................17

*Ortega v. O'Connor*,
    146 F.3d 1149 (9th Cir. 1998) .............................................................19

*Pearson v. Callahan*,
    555 U.S. 223 (2009)..............................................................................19

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

*Pembaur v. City of Cincinnati*,
　475 U.S. 469 (1986)...................................................................17

*Pickering v. Bd. of Educ.*,
　391 U.S. 563 (1968)...................................................................8

*Prager Univ. v. Google LLC*,
　85 Cal. App. 5th 1022 (Cal. Ct. App. 2022)...........................22

*Prue v. Brady Co./San Diego, Inc.*,
　242 Cal. App. 4th 1367 (Cal. Ct. App. 2015).........................20

*Quintanilla v. City of Downey*,
　84 F.3d 353 (9th Cir. 1996) .....................................................12

*Reichle* v. *Howards*,
　566 U. S. 658 (2012)..................................................................19

*Richman v. Hartley*,
　224 Cal. App. 4th 1182 (Cal. Ct. App. 2014).........................21

*Riley's Am. Heritage Farms v. Elsasser*,
　32 F.4th 707 (9th Cir. 2022) ....................................................8

*RK Ventures, Inc. v. City of Seattle*,
　307 F.3d 1045 (9th Cir. 2002) ...............................................6

*Roe v. City & Cnty. of San Francisco*,
　109 F.3d 578 (9th Cir. 1997) ............................................9, 10

*Samson v. City of Bainbridge Island*,
　683 F.3d 1051 (9th Cir. 2012) ...............................................18

*San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino Cnty.*,
　825 F.2d 1404 (9th Cir. 1987) .........................................2, 17, 18

*Shively v. Bozanich*,
　31 Cal. 4th 1230 (Cal. Supr. 2003) .....................................6, 24

*Smith v. Wade*,
　461 U.S. 30 (1983)...................................................................24

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

*Tarabochia v. Adkins*,
   766 F.3d 1115 (9th Cir. 2014) ........................................................................ 19

*Trevino v. Gates*,
   99 F.3d 911 (9th Cir. 1996) ..................................................................... 13, 16

*Turner v. City and Cnty. of S.F.*,
   788 F.3d 1206 (9th Cir. 2015) ................................................................ 14, 15

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) ........................................................................... 7

*Wade v. Regional Credit Ass'n*,
   87 F.3d 1098 (9th Cir. 1996) ......................................................................... 20

*Weeks v. Bayer*,
   246 F.3d 1231 (9th Cir. 2001) ............................................................. 9, 14, 15

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ......................................................................... 25

**Statutes**

28 U.S.C. §1367(c)(3) ......................................................................................... 20

42 U.S.C. § 1983 ..................................................................................... 1, 18, 24

Cal. Code Civ. Pro. § 339 ................................................................................ 6, 7

Cal. Code Civ. Proc. § 335.1 ......................................................................... 6, 20

Cal. Code Civ. Proc. § 340(c) ....................................................................... 6, 24

Fed.R.Civ.P. 8 .............................................................................................. 5, 13

Fed.R.Civ.P. 12(b)(1)……………………………………………………………5

Fed.R.Civ.P. 12(b)(6)................................................................................... 5, 25

**Other Authorities**

U.S. Const. amend. I .................................................................................. *passim*

U.S. Const. amend. XIV ...................................................................... 2, 17, 18

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

Local Rule 7-3 ................................................................................................ 2, 25

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Summary of argument

The First Amended Complaint ("FAC," Dkt. 13) is Plaintiff ABET SECURITY SERVICES' ("Plaintiff's" or "Abet's") second unmeritorious and indiscernible complaint improperly seeking to make a federal case out of what should be a straightforward, state law breach of contract dispute, if anything. Plaintiff's effort should be rejected.

Plaintiff is a private security firm that, pursuant to a contract with the Defendant CITY OF LOS ANGELES ("the City"), provides security services to the Los Angeles Police Department ("LAPD"), and in particular, to Official Police Garages ("OPGs"). OPGs are private third-party businesses that work with the City to tow and store impounded vehicles. Plaintiff also provides security guards at various City facilities.

Since 2019, Plaintiff is apparently dissatisfied with the City's handling of its (now superseded) contract and is seeking damages as a result. One of Plaintiff's guards at an OPG was investigated for theft, and Plaintiff is upset that Defendant ERIC ROSE ("Rose"), a Reserve Los Angeles Police Officer, sent a March 1, 2019 email at the direction of Defendant BENJAMIN JONES ("Jones"), a retired LAPD Detective, to members of the OPG Association to stop employing Plaintiff because it was not licensed to do business in the City. Plaintiff further claims that certain isolated incidents of abuse, bullying and/or harassment against some of its unidentified guards occurred by City employees at security posts in City facilities, resulting in reassignments of Plaintiff's guards or assignment termination.  Curiously, despite Plaintiff's "laundry list" of grievances, the City Clerk attested to a new contract with Plaintiff on October 13, 2022, a mere eight days before this lawsuit was filed. See Contract at City's Request for Judicial Notice ["RJN"], Ex. E and Dkt. 1.

Plaintiff's contractual grievances, which include certain time-barred allegations, has been improperly filed as First Amendment Retaliation and Due Process violation claims under 42 U.S.C. § 1983 ("Section 1983"), and six state law claims. But there is

no basis for federal court jurisdiction here. Although Plaintiff has First Amendment rights, those rights do not empower Plaintiff to "constitutionalize the employee grievance." *Connick v. Myers*, 461 U.S. 138, 154 (1983). Furthermore, Plaintiff does not have a constitutionally protected interest which is required for its Due Process violation claim, and "the Fourteenth Amendment was not intended to shift the whole of the public law of the states into the federal courts. [Citation.]" *San Bernardino Physicians' Servs. Med. Grp., Inc. v. San Bernardino Cnty.*, 825 F.2d 1404, 1408 (9th Cir. 1987) ("*San Bernardino*"). Because this is not the correct Court or legal theories to pursue Plaintiff's complaint and many allegations and claims for relief are time-barred, the First Amended Complaint should be dismissed.

## II.   The relevant allegations in Plaintiff's First Amended Complaint

This is Plaintiff's second pleading, having amended its complaint after the City, Jones and Rose engaged in a Local Rule 7-3 conference with Plaintiff's counsel concerning their anticipated motion to dismiss the original complaint, Dkt. 1.  In amending their complaint, Plaintiff added seven additional claims for relief and two new individual defendants, LAPD Lieutenants Raymond Ingal and Stephen Winter. *Compare* Dkt. 1 with Dkt. 13. Defendants Ingal and Winter waived service of summons on March 28, 2023, and the waivers were filed the same day. Dkt. 21. Although the Rules of Civil Procedure require their responses to the FAC to be filed on May 26, 2023, Defendants are responding herein in a good faith and reasonable effort to comply with the Mandatory Scheduling Conference Order, Dkt. 20, § 1(d).

Plaintiff is a private security firm which provides security guards to the City for the past six years. FAC, Dkt. 13, ¶¶ 22-23. It is owned and operated by CEO Rosa Chavez and COO Raul Perez. FAC, ¶ 22. Plaintiff has a continuous service contract with the City, which is administered by LAPD's Security Services Division ("SECSD"), and Ingal is the current contract administrator.  FAC, ¶¶ 23 and 25. The contract was amended multiple times (FAC, ¶ 23), and a new, three-year contract effective February 21, 2022 to February 20, 2025 was attested to by the City Clerk on

October 13, 2022, eight days before the present lawsuit was filed.  RJN, Ex. E.

In or about 2019, Jones was the head of the Commission Investigation Division ("CID"), the contract administrator over the City's relations between the OPGs and the contracted private security vendors, including Plaintiff, and Plaintiff's liaison to the CID.  FAC, ¶ 33.  Under the contract, the City assigns Plaintiff to provide security at specific OPGs and other City locations.  Plaintiff also independently contracts with OPG members.  FAC, ¶¶ 26, 31-32.

*Allegations against Jones and Rose:  The March 1, 2019 Email and Internal Affairs Complaint*

On March 1, 2019, Jones directed Rose to send an email to all OPG Association members via the OPG electronic listserv to stop employing Plaintiff because it was not licensed to do business in the City, which Plaintiff claims was false. FAC, ¶¶ 41, 43. Jones further directed Rose to enforce Los Angeles Municipal Code ("LAMC") section 52.34 against Plaintiff, a law dealing with registration and licensing which Plaintiff claims no other vendor needs to comply with.  FAC, ¶¶ 47, 49.

A few days before the March 1, 2019 email was sent and the need for licensure being enforced, a laptop computer was reported stolen in a vehicle stored at an OPG Plaintiff was assigned to guard.  FAC, ¶¶ 36-37. The on-duty Abet security guard was accused of stealing the laptop.  FAC, ¶ 37. Shortly after the allegations against the Abet security guard, Rose sent the March 1, 2019 email.  FAC, ¶ 41.

Plaintiff's contract with the City remained in place following the email, and Plaintiff continued to receive assignments under the contract, consistently receiving high marks for its work from the City.  FAC, ¶¶ 23, 28, 54-55; RJN, Ex. E. Within 90 days of the March 1, 2019 email, Plaintiff claims it lost more than 70% of its OPG customers (11 of 14), and lost its OPG posts under the contract, which resulted in a loss of more than $1.15 million in 2019, and more than $1.9 million per year in renewals for the following three years.  FAC, ¶ 51. On March 12, 2019, Chavez, on behalf of Plaintiff, sent an Internal Affairs Complaint about Jones concerning these

events to the LAPD Chief of Police, Michel Moore (RJN, Ex. D), and the LAPD entirely exonerated Jones on June 24, 2020.  FAC, ¶ 53. In addition to Chief Moore, Chavez also complained to former Mayor Eric Garcetti of Jones and Rose's actions in May 2019.  FAC, ¶ 45; RJN, Ex. A.

> *Allegations against the City, Ingal and Winter:  Isolated incidents of Employee Reassignment or Termination, Abuse, Bullying and Harassment involving unidentified Abet employees*

In addition to the 2019 allegations against Jones and Rose, from 2019 to 2022, Plaintiff alleges certain LAPD employees engaged in abusive, bullying and/or harassing behavior toward unidentified Abet-employed security guards at various City locations, which Plaintiff reported to its supervisors at the City, including Ingal. FAC, ¶¶ 57, 59-76, 86, 90-99.  Certain employees also supposedly threatened or implied that Plaintiff would lose its City contract (FAC, ¶ 70), yet the contract remains in place, and was renewed for another three year term days before the filing of Plaintiff's lawsuit. FAC, ¶¶ 23, 55; RJN, Ex. E. These statements were made "to bully, harass, and demoralize Abet staff." FAC, ¶ 70. Plaintiff also alleges Ingal and/or Winter reassigned or terminated Plaintiff/its guards from two assignments.  FAC, ¶¶ 90-99. Plaintiff further contends that starting in 2008, the LAPD has maintained a "blacklist" of security guards, and it was circulated at least by February 13, 2018.  FAC, ¶¶ 83, 87-88.

Plaintiff contends City employees "have created an atmosphere of fear and anxiety, demoralizing many Abet employees and causing several to quit employment with Abet," which has undermined Plaintiff's ability to fulfill its contractual services and has driven up Plaintiff's costs and decreased its net revenues. FAC, ¶ 77. Plaintiff's fair market value has been diminished, and it was not purchased by an Arizona company, because of the City's conduct. FAC, ¶¶ 104, 107. Plaintiff complained to City officials and other contract administrators about the City misconduct. FAC, ¶ 106. Additionally, the City has slow-walked the permitting

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

process for Plaintiff's security officers (FAC, ¶ 80) which has frustrated Plaintiff's ability to perform under the contract (FAC, ¶ 82), and failed to pay an invoice for labor billed between 2017 and 2022.  FAC, ¶ 102.

Plaintiff asserts two federal law claims (first and second), and six state law claims (third to eighth). *See* FAC.  It further prays for contractual damages, punitive damages against the individual defendants, and attorneys' fees.  FAC, Prayer for Relief, p. 53. Despite characterizing this action as one in the "public interest," FAC, ¶¶ 167-170, Plaintiff does not seek injunctive relief or damages on behalf of anyone other than itself. See FAC, ¶ 171.

### III.   Defendants' motion to dismiss is appropriate

#### A.   Standard on a motion to dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "…[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.,* at 679.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 678.  Here, because Plaintiff does not state a federal claim that is plausible on its face, and the court lacks subject matter jurisdiction on any possible state claim, the FAC should be dismissed.  Fed.R.Civ.P. §§ 12(b)(1) and (b)(6).

#### B.   Dismissal is further proper because Rule 8 is violated.

A complaint that fails to meet the dictates of Rule 8(a) is subject to dismissal under Rule 12(b)(6).  "Something labeled a complaint but… prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint," and "impose[s] unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172,

1180 (9th Cir. 1996). "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id*., at 1179. Plaintiff's allegations are convoluted, indiscernible and violate Rule 8, which further warrants dismissal.

## IV.    The statute of limitations bar

If the statute of limitation expiration is apparent on the face of the complaint, it is proper to raise the defense by a motion to dismiss. *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). The statute of limitations runs separately from each discrete act (*RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th Cir. 2002)), and discrete "acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113 (2002).

### A.    All the claims against Jones and Rose are time-barred

Plaintiff's first, second, third, sixth, seventh and eighth claims for relief against Jones and Rose are barred by the applicable statute of limitations.  Plaintiff's first and second claims for relief brought under Section 1983 are subject to California's two-year statute of limitations applicable to personal injury claims. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 956 (9th Cir. 2011) (citing Cal. Code Civ. Proc. § 335.1). Plaintiff's third, six and seventh claims for retaliation in violation of public policy and intentional interference with contractual relations, respectively, are also subject to a two-year statute of limitation (Cal. Code Civ. Proc. § 335.1; Cal. Code Civ. Proc. § 339(1)), and the eighth claim for relief, defamation, is subject to a one-year statute of limitation. Cal. Code Civ. Proc. § 340(c); *Shively v. Bozanich*, 31 Cal. 4th 1230, 1246-47 (Cal. Supr. 2003).

The core allegations involving Jones and Rose occurred more than two years before October 21, 2022, the lawsuit's filing date (see Dkt. 1), warranting dismissal without leave to amend. Notably, the email was sent by Rose on March 1, 2019, Plaintiff's Internal Affairs complaint against Jones was initiated on March 12, 2019,

and the City's Internal Affairs investigation was concluded by June 24, 2020.  FAC, ¶¶ 41, 45 and 53; see also RJN, Exhibits A and D; and see *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a court may consider "certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment").  Inexplicably, Plaintiff cites to even earlier, barred conduct from 2010 and 2011. FAC, ¶¶ 34 and 35.

### B.    Certain allegations against the City and Ingal are time barred

For the same reasons, the allegations against the City and Ingal in paragraphs 34-64, 83-89, and 127-128 of the FAC are also time-barred (occurred more than two years before October 21, 2022) and are therefore not actionable to support Plaintiff's first, second, and third claims for relief against them. Plaintiff's fifth claim, if based in tort, against only the City is also time-barred, as are those expired allegations that Plaintiffs contends supports its sixth claim against Ingal.  See Cal. Code Civ. Pro. §339 (two year statute of limitation for breach of the covenant of good faith and fair dealing if based on tort).

## V.    Notwithstanding the statutory bar, Plaintiff cannot state a legally cognizable federal claim against Defendants

### A.    Plaintiff's First Amendment retaliation claim is analyzed under the same standard as if brought by a City employee

Because Plaintiff contracts with the City to provide services (FAC, ¶ 23), its First Amendment retaliation claim is analyzed using the same approach had the claim been raised by a City employee. *Alpha Energy Savers, Inv. v. Hansen*, 381 F.3d 917, 923 (9th Cir. 2004); *Bd. of Cnty. Comm'rs. v. Umbehr,* 518 U.S. 668, 673–74 (1996). Although the First Amendment shields public employees/contractors from employment retaliation for their protected speech activities (*Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006)), the contractor's speech rights need to be balanced with the interest of the City to ensure its municipal operations and public services are effective

and efficient. *Pickering v. Bd. of Educ.,* 391 U.S. 563, 568 (1968). As a result, "a governmental employer may impose certain restraints on the speech of its employees, restraints that would be unconstitutional if applied to the general public." *City of San Diego v. Roe,* 543 U.S. 77, 80 (2004).

Plaintiff's First Amendment retaliation claim entails a sequential inquiry: Plaintiff first bears the burden of establishing (1) it spoke on a matter of public concern, (2) Plaintiff spoke as a private citizen and not as a public employee, and (3) Plaintiff's protected speech was a substantial or motivating factor in an adverse employment action taken against Plaintiff by Defendants. *Eng v. Cooley*, 552 F.3d 1062, 1070–71 (9th Cir. 2009). Importantly, Plaintiff must show Defendants "acted with a retaliatory motive." *Riley's Am. Heritage Farms v. Elsasser*, 32 F.4th 707, 721 (9th Cir. 2022).

Plaintiff's failure to satisfy one of these steps concludes the court's inquiry. *Johnson v. Poway Unified Sch. Dist.,* 658 F.3d 954, 961–62 (9th Cir. 2011); *Hagen v. City of Eugene*, 736 F.3d 1251, 1257 (9th Cir. 2013) ("[A]ll the [*Eng*] factors are necessary, in the sense that failure to meet any one of them is fatal to the plaintiff's case.") Because Plaintiff cannot meet its burden,[1] Plaintiff's claim should be dismissed.

### B. Plaintiff's private dispute with the individual Defendants is not a constitutional violation

#### 1. Plaintiff's "speech" was a personal grievance

To warrant First Amendment protection, Plaintiff's speech must address "a matter of legitimate public concern." *Pickering,* 391 U.S. at 571. Although necessarily

---

[1] If Plaintiff had met its burden, Defendants would still avoid liability if they demonstrate either (4) they had an adequate justification for treating Plaintiff differently from other members of the general public; or (5) they would have taken the same actions in the absence of the contractor's expressive conduct. *Eng,* 552 F.3d at 1070-71*; Umbehr*, 518 U.S. at 675-76.

driven by facts of a particular case, the court's determination is one of law. *Chateaubriand v. Gaspard,* 97 F.3d 1218, 1222 (9th Cir.1996); *Roe v. City & Cnty. of San Francisco,* 109 F.3d 578, 584 (9th Cir. 1997). Broadly speaking, speech that "can fairly be considered to relate to any matter of political, social, or other concern to the community," (*Johnson v. Multnomah County,* 48 F.3d 420, 422 (9th Cir.1995)) is constitutionally protected, but speech that involves personnel disputes and grievances with no wider societal implications is not. *Brownfield v. City of Yakima,* 612 F.3d 1140, 1147 (9th Cir. 2010).

Whether a contractor's speech addresses a matter of public rather than private concern turns on its content, form, and context. *Weeks v. Bayer,* 246 F.3d 1231, 1235 (9th Cir. 2001). And while the content of speech is the most important factor, the motive of the speaker is also relevant; if, like here, the speech is a purely private workplace grievance there is no First Amendment protection.  *Desrochers v. City of San Bernardino,* 572 F.3d 703, 710 (9th Cir. 2009); *see also Havekost v. U.S. Dep't of Navy,* 925 F.2d 316, 318 (9th Cir. 1991).

- *Rose and Winter:  Plaintiff does not allege any speech*

First, the March 1, 2019 email sent by Rose to all OPG members was speech by Rose, not by Plaintiff.  Similarly, Plaintiff's allegations against Winter are that he removed an Abet security guard from a City facility due to an LAPD complaint against the guard.  FAC, ¶¶ 97-98. Thus, there was no "speech" by Plaintiff, and its First Amendment rights were not implicated by any conduct of Rose or Winter.

- *Jones and Ingal:  Speech is not a matter of public concern*

Plaintiff's LAPD Internal Affairs complaint against Jones (FAC, ¶ 53) is not a matter of public concern.  Plaintiff, through its Chief Executive Officer Rosa Chavez (FAC, ¶ 22) sent the Internal Affairs complaint to the City's Chief of Police (RJN, Ex. D; FAC ¶¶ 45, 53) given Plaintiff's dissatisfaction with the March 1, 2019 email. When speech takes the form of an internal dispute or personal employment grievance,

9

and is not presented to the public, it militates against a finding of public concern. *Desrochers,* 572 F.3d at 715; *Clairmont v. Sound Mental Health,* 632 F.3d 1091, 1104 (9th Cir. 2011) (same); *Roe v. City & Cnty. of S.F.*, 109 F.3d 578, 585 (9th Cir. 1997) (a "limited audience" weighs against a claim of protected speech); *Havekost,* 925 F.2d at 319 (the plaintiff "made no attempt to reach the general public, a factor considered relevant in other public concern cases."). Furthermore, the LAPD Internal Affairs complaint is entirely derived from Plaintiff's personnel grievance with Jones regarding the March 1, 2019 email. FAC, ¶ 41.

Similarly, the allegations against Ingal are also not a matter of public concern. Plaintiff is upset with Ingal's handling of its contract grievances, including removing or reassigning Plaintiff and some of its employees from various City facilities – actions which Plaintiff expressly authorized in the contract.  FAC, ¶¶ 65, 76, 94-96, 99; RJN, Ex. E, Statement of Work §§ 3.6, 10.2, 10.4.  This is the stuff of "internal power struggles within the workplace ... which is of no interest beyond the employee's bureaucratic niche." *Desrochers,* 572 F.3d at 710. Because Plaintiff cannot meet its burden to establish any public concern, its first claim against Jones, Rose, Winter and Ingal fails and should be dismissed with prejudice.

### 2.  Plaintiff's speech was in its capacity as a contractor

Although no further inquiry is necessary, Plaintiff similarly cannot establish it spoke as a private citizen because Plaintiff's speech was made in its capacity as a vendor with the City. *Garcetti*, 547 U.S. at 421. "While 'the question of the scope and content of a plaintiff's job responsibilities is a question of fact,' the 'ultimate constitutional significance of the facts as found' is a question of law. [Citation.]" *Eng*, 552 F.3d at 1071.

There is no First Amendment protection for speech that "owes its existence to" the speaker's professional responsibilities or official duty (*Garcetti*, 547 U.S. at 418, 421-22) because the City (employer) may "exercise ... control over what the employer

itself has commissioned or created." *Id.* at 421–22.  Courts must undertake a "practical" inquiry to determine whether an employee acted pursuant to his or her official duty. *Garcetti*, 547 U.S. at 424. Although not dispositive, generally "when a public employee raises complaints or concerns up the chain of command at his workplace about his job duties, that speech is undertaken in the course of performing his job [Citations]." *Dahlia v. Rodriguez,* 735 F.3d 1060, 1074 (9th Cir. 2013); *see also Garcetti*, 547 U.S. at 421–22 (the First Amendment "does not invest [public contractors] with a right to perform their jobs however they see fit").

Here, Plaintiff's expressive conduct was clearly communicated in Plaintiff's official capacity as a government contractor concerning issues that arose as part of its providing security guard services to the City and OPGs: Plaintiff made an Internal Affairs complaint "up the chain of command" to the Mayor and Chief of Police about actions taken by Rose and Jones following a theft investigation of Plaintiff's employee. FAC, ¶¶ 45, 53, RJN, Exhibits A and D. It further made complaints to Ingal and his superiors about certain alleged incidents involving Plaintiff's employees at City facilities.  FAC, ¶¶ 65, 76. Because the speech was made in Plaintiff's official work capacity, it is not constitutionally protected. *Garcetti*, 547 U.S. at 418, 421-22, 426.

### 3.  Defendants did not act with any retaliatory motive

Plaintiff similarly cannot establish any causal relationship or retaliatory motive. Notably, Rose's March 1, 2019 email resulted from a theft investigation involving Plaintiff's employee. FAC, ¶¶ 36, 37, 41.  Contrary to Plaintiff's position, Defendants have a justifiable interest in ensuring (a) no security guards assigned to work at OPGs are stealing items from the impounded vehicles, and (b) Plaintiff had the licenses and

permits required by law. [2] Furthermore, there is no allegation Plaintiff lost any business as a result of the Internal Affairs complaint it filed against Jones, or that Jones, Ingal or Winter took an adverse action against Plaintiff. To the contrary, since 2019, Plaintiff received high marks for its work by the City's reviewers, the City extended and renewed its contract with Plaintiff, and the City continued to allow Plaintiff to provide security to OPGs and at various City facilities. FAC, ¶¶ 54-55, RJN, Ex. E.  Hence, by Plaintiff's own admission, there was no retaliation against Plaintiff by Jones, Rose, Ingal, Winter or the City; instead, the City continues to contract with, and assign work to, Plaintiff, and gives Plaintiff good performance reviews. Because Plaintiff cannot establish the essential elements of a First Amendment retaliation claim, its first claim for relief should be dismissed with prejudice as to the individual Defendants.

### C.     No viable First Amendment retaliation claim is alleged against the City

Vicarious liability does not apply to actions against the City under Section 1983 (*Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691(1978)) and liability only attaches where the municipality itself, under color of some official policy or custom, causes an employee to violate another's constitutional rights. *Monell*, at 691-92.  Here, the City cannot be liable under Section 1983 because Plaintiff did suffer any constitutional violation (*Quintanilla v. City of Downey,* 84 F.3d 353, 355 (9th Cir. 1996)), nor has Plaintiff alleged the existence of an unconstitutional policy or custom, and a direct causal link between the unconstitutional policy or custom and the purported violation. *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988). Indeed, Plaintiff must demonstrate a

---

[2] Thus, while not required to be analyzed, the fourth and fifth *Eng* factors are established.

"longstanding practice or custom which constitutes the standard operating procedure of the local government entity [Citation]," and "[t]he custom must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

### 1.   Plaintiff's allegations are not a matter of public concern

Plaintiff's disjointed, indiscernible, speculative and conclusory allegations, some of which are time-barred and all of which violate *Iqbal* and Rule 8, that certain personnel purportedly harassed a few unidentified Abet employees does not support a constitutional violation against the City.  The essence of Plaintiff's claim is its dissatisfaction about losing money – an indisputably private issue. *See e.g.,* FAC, ¶ 77 ("City's abuse undermines Abet's ability to fulfill its Contract to service City's needs, driving up Abet's costs and decreasing its net revenues"); FAC, ¶ 79 ("These multiple additional abuses by City officers and other employees also divert and subvert Abet's leadership from other work, including work to generate new business, causing significant damages."); FAC, ¶ 103 ("Abet's fair market value would be five million dollars or more had City and its employees honored the City Contract without the several instances of retaliation, false statements, cancellation of site assignments, bullying, harassment, and other misconduct against Abet alleged herein…."); FAC, ¶ 105 (City's removal of guards "cost Abet a total pecuniary loss of at least $1,630,062.")

Notably, when working for the government, a constitutional violation does not arise from saying an employee's boss is a bully. *Desrochers*, 572 F.3d at 713.  Indeed, "[i]f the mere suggestion that a bullying superior affects the morale and operational effectiveness of a public agency were enough to create speech on a matter of public concern, *Connick* would cease to mean much." *Id*., at 718. "Water cooler conversation would become the stuff of First Amendment claims, and casual remarks about work would be elevated to constitutional complaints. The First Amendment does not go that

far." *Weeks*, 246 F.3d at 1235–36.

Anodyne "speech" is, on its face, a mere "personal grievance[] ... specifically related to" a particular contract and nothing more. *See Turner v. City and Cnty. of S.F.*, 788 F.3d 1206, 1211 (9th Cir. 2015). Yet the substance of Plaintiff's claims against the City is that certain of its unidentified employees were purportedly bullied, demoralized and harassed on the job. See e.g., FAC, ¶ 16 ("…City's employees have severely bullied and harassed Abet's employees…."); FAC, ¶ 19 ("…City has bullied and harassed Abet employees causing some to quit or request assignment to non-City posts, has insisted some to be added to the blacklist without due process, has circumvented Abet by hiring some of its employees away from Abet, and has unreasonably delayed granting security officer permits to Abet that are necessary before Abet employees can be assigned to City posts….") There is no speech, let alone a constitutional violation.

On multiple occasions, the Ninth Circuit has rejected Plaintiff's theory, finding speech with significantly greater public content to lie outside the First Amendment's ambit.  For example, each of the employees in *Weeks*, *Desrochers*, and *Turner*, spoke about matters that at least touched on issues related to the functioning of government. *See Weeks*, 246 F.3d at 1235-36 (employee discussing the use of money from a public funding program); *Desrochers*, 572 F.3d at 710 (police sergeants complaining about the effect of bad supervisors at a department-wide level); *Turner* 788 F.3d at 1208, 1211 (temporary employee telling city staff their employment practices were improper and violated the city's charter). Yet even in those cases, the employees' speech did not qualify for constitutional protection because the speech related predominately to their respective individual workplace grievances. *See e.g.*, *Desrochers*, 572 F.3d at 710-11. None of it constituted expression likely to capture the public's interest, and none of it had to do with the critical "functioning of the democratic process." *See Weeks*, 246 F.3d at 1235.

Here, Plaintiff's claims do not involve even the minimally broad issues implicated in *Weeks*, *Desrochers*, or *Turner*. They involve nothing more than Plaintiff's dissatisfaction about losing money, and its complaints to supervisors of alleged harassment by City employees. Plaintiff's conclusory allegations that the matters are of public concern and safety is of no avail. See e.g., FAC, ¶ 112. "[T]he fact that speech contains passing references to public safety, incidental to the message conveyed[,] weighs against a finding of public concern. [Citation.]" *Desrochers*, 572 F.3d at 711. Here, Plaintiff's speech solely concerns its private grievance about its security guard services pursuant to contract, which has no constitutional protection. "The Supreme Court has warned us that speech 'not otherwise of public concern does not attain that status because its subject matter could, *in different circumstances,* have been the topic of a communication to the public that might be of general interest.' *Connick,* 461 U.S. at 148 n. 8. The question is not whether particular subjects 'could be matters of public concern'; the question is whether '*this* [speech]' meets the test. *Id.*" *Desrochers,* 572 F.3d at 717.  The answer here is an unequivocal "no."

### 2.    Plaintiff's complaints were only made to City employees

Similarly, although not required to be analyzed, Plaintiff again cannot establish the second *Eng* factor. Plaintiff readily admits its complaints were solely made to City officials.  FAC, ¶ 111 ("Abet, through its owners and employees, made several complaints to City officials, including the mayor, chief of police, Defendants Lt. Ingal, Lt. Winter, Det. Jones, Ofc. Rose, and several other City officials including contract administrators, regarding misconduct by City officials and employees…."). Furthermore, these communications were entirely the result of Plaintiff's contractual duties to provide security guard services to the City and OPGs.  Accordingly, as above, the speech was made because of Plaintiff's official work duties, and therefore not constitutionally protected. *See Dahlia,* 735 F.3d at 1074; *Garcetti,* 547 U.S. at

421–22.

### 3. Plaintiff cannot establish a retaliatory motive

Plaintiff also cannot satisfy the third *Eng* factor. Despite the harassment allegations, Plaintiff concedes it has a continuous service contract with the City that has been renewed every time Plaintiff submits a new security service proposal (FAC, ¶ 23), and it continuously receives strong performance evaluations. FAC, ¶ 28. Furthermore, although Plaintiff contends there have been threatened, but not actual, terminations of its contract (see e.g., FAC, ¶¶ 69-70), a new contract with the City was authorized days before Plaintiff filed the present lawsuit, and after the alleged "incidents" occurred.  RJN, Ex. E. In addition, it was Abet's COO that removed Plaintiff's security guards from the William Grant Still Arts Center, not the City. FAC, ¶ 68. Thus, by Plaintiff's own admissions, it cannot establish any retaliatory actions were taken against Plaintiff.

### 4. Plaintiff Fails To Plead Facts Sufficient To Show a Custom and Policy to Violate Constitutional Rights

In addition to Plaintiff not being deprived of any First Amendment right, Plaintiff also cannot demonstrate there was a custom or policy under *Monell*, providing yet another reason its claim against the City fails.  First, there is no discernable custom or policy alleged by Plaintiff, making its position unviable from the outset.  Second, even if a custom or policy was alleged, it must be so "persistent and widespread" that it constitutes a "permanent and well settled city policy." *Monell,* 436 U.S. at 691. The alleged discrete, sporadic, and isolated incidents claimed by Plaintiff are akin to those that courts have found to be insufficient to prove custom and policy. *See Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *Los Angeles Police Protective League v.*

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

*Gates*, 907 F.2d 879, 890 (9th Cir. 1990) (finding no evidence of "permanent and well-settled custom"). Third, Plaintiff has not adequately pled that any official policymaker ratified the action, again supporting the lack of any policy or custom. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). Indeed, the ratification that occurred by official policymakers was to extend Plaintiff's contract for another three year term. RJN, Ex. E.

**D.     Plaintiff does not assert a plausible due process violation claim**

Plaintiff's second claim for denial of procedural and substantive due process also lacks merit, and it should be dismissed with prejudice.  "The Fourteenth Amendment prohibits states from 'depriv[ing] any person of life, liberty, or property, without due process of law.' U.S. Const. amend. XIV, §1. To state a procedural due process claim, Plaintiff must plead (1) a protectable liberty or property interest and (2) a denial of adequate procedural protections. *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 970 (9th Cir. 2010).  In regard to a substantive due process claim, Plaintiff must also plead and prove the City deprived Plaintiff of its rights under the contract in a way that "shocks the conscience" or "interferes with rights implicit in the concept of ordered liberty." *Nunez v. City of Los Angeles*, 147 F.3d 867, 871 (9th Cir.1998).  Here, Plaintiff cannot state a procedural or substantive due process violation claim.

As a threshold issue, Plaintiff's contract to supply security guards to City facilities and OPGs does not confer any constitutionally protectable liberty or property interest, and therefore its second claim for relief fails outright. *See e.g.*, *San Bernardino*, 825 F.2d at 1409. *San Bernardino* involves a plaintiff who, like Abet, provided services (medical employees) to the government pursuant to a professional services agreement. *Id.,* at 1405-06. Similar to Abet, the plaintiff alleged certain county employees harassed the plaintiff's employees, threatened to terminate its contract prematurely, delayed payments due, and did not provide adequate office

space. *Id.,* at 1406. The county ultimately terminated the plaintiff's contract, and the plaintiff alleged a due process violation under the Fourteenth Amendment, which the Court rejected finding there was no protectable property interest. *Id.*, at 1409. "It is neither workable nor within the intent of section 1983 to convert every breach of contract claim against a state into a federal claim." *Id*., at 1408; *see also Id*. at fn. 3. Importantly, the Ninth Circuit determined that while the plaintiff provided medical employees to the county hospital, the contract was one for services, and was not an individual employment contract. *Id.* The same is true here: Plaintiff provides services (security guards) to the City.

Additionally, the government does not violate substantive or procedural due process each time it purportedly breaches a contract. *See e.g. Lujan v. G & G Fire Sprinklers, Inc.,* 532 U.S. 189, 195, 197 (2001) (because California state law provides sufficient opportunity to bring a breach of contract claim, there is no viable due process violation claim; California's judicial process to resolve a contractual dispute is "due process"); *DeBoer v. Pennington,* 287 F.3d 748, 749 (9th Cir. 2002) ("the common law breach of contract claim provides adequate process for the deprivation of a property right derived from a contract, unless the deprivation constitutes a denial of a present entitlement."). In the circumstances presented here, Plaintiff, like those in *DeBoer* and *Lujan,* is fully protected by an ordinary breach of contract claim. Furthermore, government action that affects only economic interests does not implicate fundamental rights. *Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1058 (9th Cir. 2012). For each of these reasons, Plaintiff's second claim for relief should be dismissed with prejudice.

### E. Jones, Rose, Ingal and Winter have qualified immunity

In addition to Plaintiff's first and second claims being time-barred against Jones and Rose, and substantively lacking merit, Jones, Rose, Ingal and Winter are also immune from suit. Qualified immunity protects government officials "from liability

for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing'" is unlawful. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton*, 483 U. S. 635, 640 (1987)). In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *al-Kidd*, 563 U.S. at 741. This demanding standard protects "all but the plainly incompetent or those who knowingly violate the law." *Id*., at 743 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The precedent must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply. *See Reichle* v. *Howards*, 566 U. S. 658, 666 (2012). Otherwise, the rule is not one that "every reasonable official" would know. *Id.*, at 664. Plaintiff bears the burden to show the right violated was clearly established. *Tarabochia v. Adkins*, 766 F.3d 1115, 1125 (9th Cir. 2014).

The court should decide the issue of qualified immunity as early in the proceedings as possible. *See Ortega v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998). First, as discussed above, none of the individual Defendants, Jones, Rose, Ingal or Winter violated Plaintiff's constitutional rights, and therefore they are immune from suit. Second, given the circumstances, they did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Jones was entirely exonerated by the LAPD (FAC, ¶ 53), evidencing there was no clearly established constitutional or statutory right Defendants should have known about. For this additional reason, the federal claims alleged in Plaintiff's FAC should be dismissed with prejudice as to Jones, Rose, Ingal and Winter.

**VI.** **Because Plaintiff fails to adequately plead a cognizable claim under federal law, the Court should decline to exercise supplemental or pendent jurisdiction**

"Where a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice." *Wade v. Regional Credit Ass'n,* 87 F.3d 1098, 1101 (9th Cir. 1996); *see also* 28 U.S.C. §1367(c)(3); *Carlsbad Technology, Inc. v. HIF Bio, Inc.* 556 U.S. 635, 640-641 (2009). "[I]t is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991). In making its determination, the Court is to weigh whether the values of economy, convenience, fairness and comity are best served by the Court's retention of jurisdiction over the state law claims. *Hagans v. Lavine,* 415 U.S. 528, 545 (1974).

Here, because state courts have the primary responsibility to decide, develop and apply California law for Plaintiffs' state law claims (third through eighth), the principles of judicial economy, convenience, fairness to the litigants, and comity balance in favor of the claims being heard in the California Superior Court. But even if the Court exercises jurisdiction over Plaintiff's state law claims (third through eighth), they should be dismissed because they are insufficiently pled and are not legally plausible.

**A.** **Plaintiff's untimely retaliation claim lacks merit**

Plaintiff's third cause of action alleges it was retaliated against due to Plaintiff's complaints "on matters of public concern."  FAC, ¶ 128.  To the extent Plaintiff challenges conduct over two years old, *see, e.g.*, FAC, ¶¶ 34-64, 127-128, Plaintiff's claim is untimely.  *Beckx v. Am. Cancer Soc'y, Inc.*, No. SACV 08–0702 AG, 2008 WL 11339655, at *4 (C.D. Cal. Nov. 17, 2008) (two-year statute of limitations under Cal. Code Civ. Proc. § 335.1 applies to claims for retaliation in violation of public policy); *see also Prue v. Brady Co./San Diego, Inc.*, 242 Cal. App. 4th 1367, 1382 (Cal. Ct. App. 2015) (two-year statute of limitations under Cal. Code Civ. Proc. §

335.1 applies to claim for wrongful termination in violation of public policy).  All the allegations against Jones and Rose are time-barred, as are certain ones alleged against Ingal and the City.

Notwithstanding the statute of limitations expiration, on the merits Plaintiff's claim stills fail as a matter of law because (1) a claim for retaliation in violation of public policy cannot be asserted against individuals and (2) the City is immune under California's Government Claims Act, Cal. Gov. Code § 815, *et seq.*  *Lloyd v. Cnty. of L.A.*, 172 Cal. App. 4th 320, 328-30 (Cal. Ct. App. 2009). Therefore, Plaintiff's third cause of action for retaliation in violation of public policy should be dismissed without leave to amend.

**B.      Plaintiff fails to allege a breach of the correct contract**

Plaintiff's fourth cause of action alleges the City breached their contract, City Contract No. C-128950, in October 2022 when the City did not pay the invoice within thirty days.  FAC, ¶¶ 129-133.  Plaintiff fails to state a claim for two reasons.  First, Plaintiff alleges the violation of a contract that was no longer in effect at the time of the alleged breach.  Plaintiff alleges the violation of City Contract No. C-128950 which was superseded at the time of the alleged violation by a new contract Plaintiff entered into with the City.  On Oct. 13, 2022, the City approved a new contract with Plaintiff, City Contract No. C-141549 (eight days before Plaintiff initiated this lawsuit), with an effective date of Feb. 21, 2022.  RJN, Ex. E at 3, ¶ 2.1.  Therefore, Plaintiff has not alleged the required element of existence of a contract.  *Richman v. Hartley*, 224 Cal. App. 4th 1182, 1186 (Cal. Ct. App. 2014) (listing elements for breach of contract under California law).

Second, Plaintiff's claim fails because it alleges a claim *consistent* with liability rather than a plausible claim. Under Plaintiff's contract with the City, Plaintiff's annual compensation is not to exceed $10 million annually. RJN, Ex. E at 4, ¶ 3.1.A. Plaintiff's FAC does not contain allegations "exclud[ing] the possibility that the alternative explanation [for non-payment] is true": that the annual compensation cap

21

1
2
3
4

was not met; therefore, Plaintiff has not adequately alleged breach of contract under the requisite pleading standard. *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). Plaintiff's fourth cause of action for breach of contract should therefore be dismissed.

5
6
7

**C.**   **Plaintiff's fifth cause of action fails to state a claim because it relies on contradicting express terms of the parties' agreement and Plaintiff inadequately alleges it suffered any harm**

8
9
10
11
12
13
14
15
16

Plaintiff's fifth cause of action alleges the City breached the implied covenant of good faith and fair dealing because it "retaliated against Abet and its employees by removing them from the assignment or post and, in some instances, bann[ed] the employee from working on the City Contract forever more." FAC, ¶ 141. Plaintiff's theory fails to state a claim because (1) the City's alleged wrongful conduct is expressly permitted by the contract and no claim for breach of the implied covenant of good faith and fair dealing can be stated when the alleged wrongful conduct is expressly permitted by the contract, and (2) Plaintiff does not adequately allege it suffered any harm; nor could it, as the City awarded Plaintiff a new contract.

17
18
19
20
21
22
23
24
25
26

The implied covenant of good faith and fair dealing exists to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of an agreement. *Guz v. Bechtel Nat. Inc.*, 24 Cal. 4th 317, 349 (Cal. Supr. 2000). The implied covenant, however, cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement, and the implied covenant "will not be read into a contract to prohibit a party from doing that which is expressly permitted by the agreement itself." *Prager Univ. v. Google LLC*, 85 Cal. App. 5th 1022, 1039 (Cal. Ct. App. 2022) (quoting *Hewlett-Packard Co. v. Oracle Corp.*, 65 Cal. App. 5th 506, 554 (Cal. Ct. App. 2021)).

27
28

Here, the basis of Plaintiff's claim is that the City re-assigned its employees in retaliation for various complaints allegedly made. The Parties' contract, however,

22

provides the City "absolute discretion" to assign or re-assign Abet's employees as it chooses:

- "The City reserves the right to interview all officers prior to being assigned to the contract, and to accept or reject them." RJN, Ex. E (Statement of Work, § 1.1).
- "The City reserves the right to interview all guards prior to being assigned to the Contract, and to accept or reject them." RJN, Ex. E (Statement of Work, § 3.0).
- "The Contract Administrator [a City representative] shall have the right, in its absolute discretion, to require the removal of Contractor's personnel, at any level, assigned to the performance of the contract, if such removal is considered necessary and in the best interests of the City. Such personnel shall be promptly removed from the project by the contract at no cost or expense to the Contract Administrator. Further, an employee who is removed for any reason shall not be reassigned to another City facility unless reviewed and approved by the Contract Administrator." RJN, Ex. E (Statement of Work, § 3.6).
- "The City reserves the right to have any City facility/site location revert from utilizing Contract security services to City security forces, as determined by the Contract Administrator." RJN, Ex. E (Statement of Work, § 10.2).
- "The City reserves the right to monitor and review the City's security needs. As City security needs change or develop, the City may make changes, additions, and deletions in the Schedule of Work (hours, days, dates, times and sites)." RJN, Ex. E (Statement of Work, § 10.4).

Therefore, Plaintiff improperly seeks to hold the City liable for acting pursuant to the express contractual authority Plaintiff agreed the City would have. Plaintiff cannot state a claim on this basis. Additionally, Plaintiff's claim fails because it does not allege it suffered any harm from the alleged breach. Plaintiff merely alleges in conclusory fashion that it "has been harmed," but that is insufficient. *Iqbal*, 556 U.S.

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT

at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  Further, the fact that Plaintiff was rewarded a new contract with the City demonstrates Plaintiff did not suffer any harm.  *See* RJN, Ex. E.

### D.    Plaintiff's sixth and seventh claims fail

Plaintiff's sixth and seventh claims for intentional interference with contractual relations are not only time-barred, but are also legally unsound. In order to state a viable claim for intentional interference with contractual relations, the defendant must be a stranger to a contract. *Mintz v. Blue Cross of California*, 172 Cal.App.4th 1594, 1603 (Cal. Ct. App. 2009). Importantly, agents and employees acting for or on behalf of the contracting party cannot be liable.  *Id*., at 1604; *see also Applied Equip. Corp. v. Litton Saudi Arabia Ltd.,* 7 Cal.4th 503, 514 and at fn. 4 (Cal. Supr. 1994) (noting an agent or employee of a contracting party cannot be liable for inducing a breach of the party's contract). Here, Jones, Rose, Ingal and Winter are all alleged to be employees of the City at all relevant times.  FAC, ¶¶ 6-9.  Thus, Plaintiff's sixth and seventh claims for relief are not viable and should be dismissed.

### E.  Plaintiff's eighth claim is barred

As discussed above, Plaintiff's eighth claim for defamation, arising from the publication of the March 1, 2019 email by Rose, is barred. Cal. Code Civ. Proc. § 340(c); *Shively,* 31 Cal.4th at 1246-47. See also RJN, Exhibits A and D.

### VII.    Plaintiff has not Alleged Facts to Support the Plausible Recovery of Punitive Damages against Jones, Rose, Ingal and Winter

Plaintiff seeks to recover punitive damages against the individual Defendants. *See FAC*., Prayer for Relief at p. 53, ¶ 171(e). But a plaintiff may recover punitive damages in an action under §1983 only where the defendant's conduct is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Plaintiff has failed to plead any facts suggesting the individual Defendants could be

personally liable for a constitutional violation or state law tortious conduct, let alone setting forth any facts establishing any of them acted with any evil motive or intent against Plaintiff.  Plaintiff therefore cannot recover punitive damages against any Defendant. And see *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 974-75 (9th Cir. 2010) (a Rule 12(b)(6) motion is the appropriate vehicle in which to procure a dismissal of damages allegations).

## VIII.  <u>Conclusion</u>

"To transform every workplace squabble into the proverbial 'federal case' would be to trivialize the 'great principles of free expression' the First Amendment embodies. [Citation.]" *Desrochers*, 572 F.3d at 718–19. Despite this admonition, Plaintiff is indeed trivializing the First and Fourteenth Amendments here. Plaintiff improperly brings its personal gripe/contractual dispute with the City into federal court as Section 1983 claims. But Plaintiff's allegations are time-barred and lack merit, and should be dismissed without leave to amend. *Deanco Healthcare, LLC v. Becerra*, 365 F. Supp. 3d 1029, 1039 (C.D. Cal. 2019) (granting motion to dismiss without leave to amend where "[a]mendment would be futile"). And without a viable federal claim, the court should refuse to exercise supplemental or pendent jurisdiction over Plaintiff's improperly and inadequately pled state court claims.

### <u>Local Rule 7-3 Certification</u>

I certify that on March 13, 2023, the parties met and conferred via videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

DATED: April 3, 2023        HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
**ARLENE N. HOANG, Deputy City Attorney**

By: */s/ Arlene N. Hoang*
Arlene N. Hoang, Attorneys for Defendants

25

MEMORANDUM OF POINTS AND AUTHORITES ISO MOTION TO DISMISS COMPLAINT